The court, on this evidence, instructed the jury that nothing short of an express acknowledgment of a subsisting debt, at the time of making the acknowledgment, could take a case out of the statute; that an agreement to settle would have that effect, and it was for them to (62) say whether any such agreement was made by the defendant at the *Page 25 
times spoken of by Hord; if there was, they were instructed to find for the plaintiff, and if not, for the defendant.
The jury found for the plaintiff, and the case stood on a rule to show cause why there should not be a new trial.
When the court charged the jury that there must be a subsisting debt at the time of the acknowledgment, or that a proposition to settle accounts would take the case out of the statute of limitations, it would appear that there must have been more evidence before the jury than appears upon the record sent here. It does not appear from the evidence exhibited here that there was an acknowledgment of a subsisting debt or an agreement to come to a settlement; and if there was no other evidence before the jury, I think the charge was not relevant, although there can be no doubt but it is warranted by law. If there was no other evidence before the jury, I think there should be a new trial; if there was, it should form part of the case, and for that purpose a new trial should be granted. I think the evidence offered by the plaintiff establishes nothing from which a new promise or an acknowledgment can be collected. (63)